|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| CORTEZ DAUNDRE JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE, et al.,<br><br>　　　　　　Defendants. | Case No. C23-1153RSM<br>Case No. C23-1162RSM<br>Case No. C23-1184RSM<br>Case No. C23-1185RSM<br>Case No. C23-1285RSM<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION |

This matter comes before the Court on "Objections" filed by *pro se* Plaintiff Cortez Daundre Jones in the above cases before the undersigned judge. A single, identical Objections has been filed by Mr. Jones in each of his 57 cases in this District. In each case Mr. Jones attempts to proceed *in forma pauperis* ("IFP"). The undersigned has denied IFP in most of the above cases, finding that Mr. Jones failed to explain why he previously listed an annual salary of "$35,000.00" and "$324,000" in "Fidelity Investment Stocks," only to later file an amended IFP application with a "0" written in every dollar field. The Court found that Mr. Jones submitted a false IFP application in each case—either the first application or, far more likely, the second. The Court directed Mr. Jones to pay the filing fee.

In response, Mr. Jones has filed the instant Objections. He states "all IFP have been edited to explain the income reported was in fact income that was not reported via taxes and

income from investments that have not been made available to spend…. Even though I have made money on investment [sic] not all of the funds were made available after the account was closed and Fidelity Investments did not provide a proper fraud investigation…"

The instant Objections are not procedurally proper in any of the above cases as there is no pending Report and Recommendation. Instead, they are interpreted as motions for reconsideration.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Mr. Jones fails to show manifest error in the Court's rulings. Mr. Jones cannot persuasively "edit" his prior IFP applications by writing a zero in every dollar field. Doing so strikes the Court as disingenuous and an attempt to take advantage of the Court's systems and procedures. Even if the Court were to consider Mr. Jones's belated explanations for why he seeks to proceed IFP, he has failed to demonstrate that he lacks sufficient assets. He previously stated under penalty of perjury that he had income of $35,000 a year and that he had assets of $324,000 in a Fidelity account. His new statements do not deny that he has such income or access to at least some of the funds from the Fidelity account.

The Court will not get into a debate with Mr. Jones about his exact financial situation; it is sufficient to say that he has failed to demonstrate error in the Court's prior rulings and that those rulings stand. The Court's ruling appears factually correct given Mr. Jones's caginess as to his actual income and assets and his attempts to mislead the Court. Mr. Jones must pay the filing fee in these cases or they will be closed.

ORDER DENYING MOTIONS FOR RECONSIDERATION - 2

     Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Objections, Case No. C23-1153, Dkt. #11, Case No. C23-1162, Dkt. #10, Case No. C23-1184, Dkt. #11, Case No. C23-1185, Dkt. #10, and Case No. C23-1285, Dkt. #4, are DENIED.  The Court will not entertain any further motions from Mr. Jones in these cases until the filing fees are paid.  All such motions filed before payment of the filing fee will be immediately stricken via minute order.

     DATED this 31st day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS FOR RECONSIDERATION - 3